## ABNER POST *vs.* THE HAMPSHIRE MUTUAL FIRE INSURANCE COMPANY.

A mutual fire insurance company, which was authorized, by its charter, to insure buildings and household furniture to an amount not exceeding three fourths of the value thereof, adopted rules, which allowed the assured to appraise the property insured, or procure it to be done; but that, in either case, the company should not be precluded from having a fair estimate made of the property, in case of loss: The company issued a policy, in which they caused W. to be insured, under the restrictions and limitations expressed in their rules, the sum of $1200, viz. on his dwelling-house $750, on his barn $200, and on his furniture in the house $500, " being not more than three fourths of the value of the buildings " insured: The house was valued, in the policy, at $750, but there was no valuation of the furniture: The house and furniture were destroyed by fire, and in an action on the policy, the jury found the value of the house to be $600, and of the furniture $400; and it was admitted that the actual loss on each subject was more than three fourths of the value so found. *Held,* that the assured was entitled to recover only three fourths of those sums, amounting to $750.

THIS was an action on a policy of insurance, dated June 1st 1838, whereby the defendants caused Seth Williams, his heirs, executors, administrators and assigns, to be insured, for the term of seven years, against loss or damage by fire, "under the conditions and limitations expressed in the rules" of said company, the sum of $1200, viz. on his dwelling-house, occupied by himself, $500; on his barn, on same premises, $200; and on his furniture, within said house, $500; "being not more than three fourths of the value of the buildings described in the application of the said assured." The declaration alleged an assignment of said policy, with the defendants' consent, to the plaintiff, and that, on the 5th of August 1844, said dwelling-house and furniture were consumed by fire, of which the plaintiff gave the defendants due notice on the 10th of said August, and then demanded payment of the said sum of $1200, or the amount of the loss sustained by him by said fire, according to the terms of said policy.

One of the rules and articles of the said company, (the defendants,) was this : " Persons requesting insurance may appraise the buildings themselves, or may procure it to be done ; but, in either case, the company shall not be precluded from having a fair estimate made of the property, in case of loss."

At the trial, the jury found that the value of the house and furniture, that were destroyed by fire, were as follows; of the house, $600, and of the furniture, $400 ; and they returned a verdict for the plaintiff for $1000.   The defendants thereupon contended that the plaintiff could recover only three fourths of the value, as found by the jury, to wit, $750 ; and the case was reserved for the consideration of the whole court, under an agreement of the parties, that the verdict might, if necessary, be amended, so as to give to the plaintiff the sum to which he was legally entitled.

It was admitted by the defendants that the plaintiff's loss on the house, and also on furniture, by the fire, was more than three fourths of the value thereof, as found by the jury.

*R. A. Chapman,* for the defendants.

*W. G. Bates,* for the plaintiff.

· SHAW, C. J.   The only question is, for what sum, according to the finding of the jury, judgment shall be entered.

In cases of fire insurance, the assured is entitled to the amount of the real loss sustained by him, if it be within the amount insured, without regard to the distinction between a total and a partial loss, as in cases of marine insurance. *Liscom* v. *Boston Mutual Fire Ins. Co.* 9 Met. 205.   In the present case, the insurance was $500 on the house, which was valued at $750, and $500 on furniture, which was not valued.   By the charter of the defendants, (*St.* 1829, *c.* 72,) they cannot insure to an amount exceeding three fourths of the value of the property insured ; and they, in the rules and regulations adopted by them, reserved a right to have a valuation made anew, in case of loss, without regard to the valuation in the policy.   The jury have found the value of the house to be $600, and of the furniture $400 ; and it is conceded by the defendants, that the actual loss, on each

subject, exceeded the amount insured. We are of opinion, therefore, that the plaintiff is entitled to recover three fourths of these two sums, to wit, $450 on the house, and $300 on the furniture, with interest; and the verdict is to be amended, and judgment to be entered, accordingly.